IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cr-40024-SMY |
| | ) |
| | ) |
| TYRONE LAMONT NESBY | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Tyrone Lamont Nesby was charged and pled guilty to 3 Counts of Failure to Pay Child Support. In August 2011, he was sentence to 5 years of probation on each Count, to run concurrently, and restitution in the amount of $570,794.73 as to Count 1, $318,853.88 as to Count 2, and $87,753.44 as to Count 3. Now pending before the Court is Nesby's *pro se* motion and notice of miscellaneous relief entitled "Affidavit of Fact Writ of Discovery" (Doc. 48). Nesby moves for dismissal of his restitution payments, asserting that as a member of the Aboriginal Indigenous Moorish-American Empire (North America) in propia persona, he is not subject to the jurisdiction of the Court.

This Court has original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Therefore, at the time of Nesby's conviction and sentence, this Court had jurisdiction over the defendant, regardless of his religious beliefs. The Seventh Circuit has rejected a similar religion-based challenge by a defendant who asserted that he was a Moorish national and therefore need obey only those laws mentioned in an ancient treaty between the United States and

Morocco. *See United States v. James,* 328 F.3d 953 (7th Cir. 2003). As the Seventh Circuit noted in *James*: "Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States ... he would be obliged to respect the laws of this nation." *Id*. at 954. The same standards apply to Nesby. Accordingly, the motion is **DENIED** on all grounds raised.

    **IT IS SO ORDERED.**

    **DATED: May 18, 2020**

**STACI M. YANDLE**
**United States District Judge**